## BLAUGRUND v. MOGEL.

### No. 2716.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1932.

Potash & Cameron and Leon Kotosky, all of El Paso, for appellant.

Leo Jaffe and Fryer & Cunningham, all of El Paso, for appellee.

HIGGINS, J.

Appellee, Mogel, brought this suit against appellant, Sigmund Blaugrund, upon certain notes executed by the defendant in favor of appellee. Appellant set up a counterclaim for certain linoleum sold and delivered to Mogel by the Del Norte Furniture Company, under which name Sigmund and his brother, David Blaugrund, were engaged in business. It was alleged David Blaugrund had assigned his interest in the counterclaim to defendant.

Mogel answered by general denial, and specially pleaded that the notes were executed and the linoleum sold and delivered to him in consideration of the release of certain premises in Juarez, Mexico, of which he was then tenant, in favor of David Blaugrund.

In response to a special issue, the jury found in Mogel's favor with respect to the linoleum sale. Judgment was accordingly rendered in Mogel's favor for the amount of the notes, and recovery upon the counterclaim was denied.

The evidence discloses the following facts: Appellant and David Blaugrund are brothers, engaged in business in El Paso under the name of Del Norte Furniture Company. Mogel had a lease upon a house in Juarez which the Blaugrunds wished to lease for the benefit of another brother. David Blaugrund, for himself and as the authorized agent of appellant, negotiated with Mogel for the relinquishment of his lease upon the house in Juarez. Mogel did relinquish such lease, and David Blaugrund leased the house from the owner. In consideration of Mogel's release, appellant executed the notes sued upon by Mogel. About the same time the linoleum in question was delivered to Mogel by the Del Norte Furniture Company.

Mogel claims the linoleum was a part of the consideration for the reliquishment of his leasehold. Appellant claims that it was not. This is the only contested issue of fact, and was found in Mogel's favor. The evidence supports such finding.

Appellant presents this appeal upon three propositions which read:

"1: Sigmund Blaugrund, defendant, would not be bound by any agreement made by David Blaugrund, to give away linoleum as a part of the consideration for a lease in Juarez, Mexico, since there is no showing that the alleged agent, David Blaugrund, had actual authority from the defendant, Sigmund Blaugrund, to make such an agreement."

"2: There are no facts or circumstances existing in connection with the transaction involving the giving of the linoleum by the alleged agent which would furnish a basis for holding the defendant liable by the application of the doctrine of apparent authority or estoppel."

"3: Joe Mogel, plaintiff, in dealing with David Blaugrund, the alleged agent of Sigmund Blaugrund, was chargeable with notice of the extent of the alleged agent's authority and it was plaintiff's duty to ascertain whether the alleged agent, David Blaugrund, had authority to give away linoleum in connection with the transaction; plaintiff must suffer the consequences of his failure to make proper inquiry and use due diligence in ascertaining the authority of the alleged agent."

The evidence presents no issue as to a gift of the linoleum. According to Mogel's theory, the linoleum was a part of the consideration for the relinquishment of his lease upon the house in Juarez. Appellant's theory is that the sale of the linoleum was an in-

dependent transaction and Mogel was to pay the price charged therefor in thirty or sixty days. Both theories show a sale and not a gift.

Nor is there any issue as to David Blaugrund's authority. Appellant admits David was authorized to negotiate with appellee for the relinquishment of the lease. As such agent, David Blaugrund had implied authority to agree upon the price to be paid and the manner of payment.

As a partner in the Del Norte Furniture Company, he was the general agent of the firm in all matters within the scope of the partnership business. He was authorized to sell the linoleum for such price and upon such terms as to manner of payment as he saw fit. If in any way he exceeded his actual authority, that is a matter between the two partners.

The appeal must fail for this further reason: The cross-action is upon contract to recover the purchase price of goods sold and delivered. The finding upon the disputed issue of fact negatives any express promise to pay the amount sued for. No implied promise to pay such amount can be inferred, because the same finding shows that the linoleum was not delivered to and accepted by Mogel under such circumstances as would imply a promise upon his part to pay the sum sued for.

Affirmed.